UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CHARLES LAVEL STRINGER                                                        PLAINTIFF

V.                                                    CIVIL ACTION NO. 3:24-CV-193-DPJ-ASH

MICHELLE KING,[1] Acting Commissioner
of Social Security, et al.                                                   DEFENDANTS

ORDER

In this appeal from the Commissioner of Social Security's denial of Title II child-disability benefits, the pro se appellant, Charles Lavel Stringer, objects [26] to the Report and Recommendation [25] entered by United States Magistrate Judge Andrew S. Harris. The R&R recommends granting the Commissioner's Motion to Dismiss [9] and denying Stringer's Motion for Default Judgment [16]. The Commissioner replied [29] in support of the R&R. The Court overrules Stringer's objection and adopts the R&R.

I.      Background

Stringer appealed on April 5, 2024, from the Commissioner's decision denying him disability benefits. Compl. [1]; *see* Mot. to Dismiss [9] at 1 (characterizing appeal claim). His Complaint named not only the Commissioner but two administrative-law judges and a district manager, although those three Defendants appear not to have been served. R&R [25] at 3. Many of the Complaint's allegations bear little or no relation to any action of the Social Security Administration, and the Commissioner has moved to dismiss the causes of action that fall outside the scope of an appeal under 42 U.S.C. 405(g).

---

[1] The new Acting Commissioner is substituted. Fed. R. Civ. P. 25(d).

II.     Standard

Under Federal Rule of Civil Procedure 72 and 28 U.S.C. § 636(b)(1), any party, within fourteen days after being served a copy of a Magistrate Judge's report and recommendation, may serve and file written objections to the recommendations.  The District Judge must review de novo all portions of the R&R objected to.  *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).  This review must be "based upon the record and unrestrained by the findings and conclusions of the magistrate." *Id*. at 1222.  The District Judge may then accept, reject, or modify, in whole or part, the recommendations of the Magistrate Judge, or may receive more evidence or recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

III.    Discussion

Having reviewed the relevant part of the record and the parties' motions and briefs, the Court reaches the following findings and conclusions of law de novo.

   A.     Stringer's Motion to Strike and for Default Judgment

Stringer's motion [16] asks the Court to strike the Motion to Dismiss [9] and to enter a default judgment for him.  As the R&R correctly finds, Stringer's motion rests on the mistaken premise that the Commissioner must answer within 60 days' notice of Stringer's action.  But the scheduling order defers the answer deadline to 30 days after a motion to dismiss or similar motion is ruled on.  Order [4] ¶ 1; *see also* R&R [25] at 2.  Stringer's objection simply continues to disregard that provision.  Obj. [26] ¶ 3.  And as the R&R also observes, Stringer hasn't served the individual Defendants who thus can't be in default.  R&R [25] at 3.  The Court finds no error in the R&R as to Stringer's motion.

B. Commissioner's Motion to Dismiss Non-Section 405(g) Claims

Besides appealing under 42 U.S.C. § 405(g) from the Commissioner's denial of benefits, Stringer's Complaint also brings various assertions and claims. As the R&R states: "The allegations of the Complaint are difficult to follow, but they trace Stringer's more than twenty-year relationship with the Social Security Administration." *Id*. at 1. The R&R's basic recommendation is that an appeal under § 405(g) is the sole avenue for contesting any actions by the Commissioner related to a denial of benefits. *Id*. at 5. Section 405(h) forbids any action against the United States, the Commissioner, or any of their officers or employees under 28 U.S.C. § 1331 (federal-question jurisdiction) or § 1346 (United States as defendant) "to recover on any claim arising under" Title II of the Social Security Act. *Id*.

The R&R patiently sifts through Stringer's efforts to plead causes of action under the Federal Tort Claims Act; the Americans with Disabilities Act; 42 U.S.C. §§ 1981 and 1985; *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971); and the Mississippi Tort Claims Act, as well as his individual claims against ALJs Jeffrey C. Narvil and Brian Jones and against one Camille Hutchins against whom Stringer fails to plead any claims. Given the plain language of § 405(h) and the fact that the R&R lucidly explains the defects in all these putative causes of action, the Court finds no purpose is served by reiterating the R&R's cogent reasoning and conclusions, all of which are confirmed by the Court's de novo review.

Stringer's objection complains about various alleged events during his effort to obtain benefits. Obj. [26] ¶¶ 4–5. If any of those complaints is founded on the administrative record and relevant to an appeal under § 405(g), Stringer may advance them in briefing his appeal. If they are not so founded and relevant, they are barred as explained above.

The Court finds no error in the R&R's recommended disposition of the Motion to Dismiss, including the recommendation that leave to amend would be futile as well as redundant given that Stringer's opportunity to object allows him to explain how he could amend his Complaint to state a claim. R&R [25] at 10–11. He has not done so.

Finally, Stringer filed as a "motion for de novo" [27] the exact document he filed as his objection [26]. This, he says, "is to make sure he"—apparently the District Judge—"has a copy of the certified records in this case and it[s] transcripts." Obj. [26] ¶ 8. As explained in the scheduling order, the Commissioner will file that record when she files her answer. Stringer's unsupported assertion that ALJs Jones and Narvil, not the Magistrate Judge, wrote the R&R is noted and rejected by this Court. *Id*. The motion [27] is superfluous and denied as moot.

IV.   Conclusion

The Court has considered all arguments presented. Any not specifically addressed here would not change the result. Stringer's objection [26] is overruled, and the Court adopts the well-reasoned R&R [25] of the Magistrate Judge. The Motion to Strike and for Default Judgment [16] is denied. The Motion to Dismiss [9] is granted. The "Motion for De Novo" [27] is denied as moot. The Clerk is directed to substitute the name of the new Acting Commissioner on the docket of this case as it appears in the caption of this Order.

**SO ORDERED AND ADJUDGED** this the 11th day of February, 2025.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE